IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 00-00371-01-CR-W-ODS |
| ) | |
| QUENTIN M. CARTER, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Pending is Defendant's motion to reduce sentence based on the Amendments 706 and 711 to the United States Sentencing Guidelines. The Government opposes the motion because the Amendments will not alter Defendant's guideline range. While the Government's observation is correct, the Court agrees with Defendant that this is only because of an inexplicable mathematical decision embodied in the guidelines.

Defendant was found guilty of possessing cocaine base with the intent to distribute and possessing cocaine with intent to distribute. The Presentence Report determined the amount of cocaine base involved was 140.39 grams and the amount of powdered cocaine was 328.9. If only cocaine base was involved, the base offense level was 32; however, because two drugs were involved both were converted into equivalent amounts of marijuana for sentencing purposes. Under the Guidelines then in effect, converting the two drugs to equivalent amounts of marijuana also resulted in an offense level of 32; thus, the cocaine powder had no effect on Defendant's offense level. Defendant's criminal history category was I, so his sentencing range was 121 to 151 months; he was sentenced to 121 months of custody.

The Amendments previously identified were intended to alleviate the Guidelines' disparate treatment of offenders convicted of possessing different forms of cocaine. This was accomplished essentially by reducing the offense levels formerly associated with cocaine base by two levels. Thus, under the amended guidelines, 140.39 grams of cocaine base results in a Base Offense Level of 30. However, when this is converted to

marijuana – which is only done due to the need to combine the two drugs – the amended guidelines treat the 140.39 grams of cocaine base as 1956.46 kilograms of marijuana, which generates a Base Offense Level of 32 *before* the cocaine powder is considered. The cocaine powder does not add enough to change Defendant's offense level.

Defendant is in an odd situation: when originally sentenced, the Guidelines utilized a conversion table that treated his crack cocaine the same regardless of whether it was regarded as crack cocaine or converted to marijuana. The Amended Guidelines – which are intended to reduce disparities between cocaine base and cocaine powder – treat his crack cocaine more harshly when it is converted to marijuana than when it is left as crack cocaine. This conversion is done simply to add a a second drug – an amount so small that it actually has no effect on the sentence.

This differing treatment is inexplicable. Theoretically, if Defendant had a negligible amount of any drug other than crack cocaine, he would be subject to a harsher sentence simply because of the need to account for the drug that is too insignificant to otherwise affect his sentence. Stated another way, the same amount of crack cocaine is treated differently depending upon whether it is the only drug involved. Finally, this discrepancy does not occur at all points in the sentencing table. This harsher treatment occurs for some defendants and not others depending on how much crack cocaine is involved. Ironically, the harshest effect is felt by those with less drugs. Cf. United States v. Horta, 534 F. Supp. 2d 164 (D. Me. 2008); United States v. Watkins, 531 F. Supp. 2d 943 (E.D. Tenn. 2008). These inconsistencies suggests a mathematical error in the table and not a deliberate policy choice.

The Government argues the Court cannot apply Amendments 706 and 711 because they "do[ ] not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). However, the Court concludes the amendments effectively lower his guideline range, as any interpretation or application to the contrary is the product of oversight, error, or arbitrariness, and not a considered policy decision. Blind adherence to the aforementioned anomalies is also inconsistent with 28 U.S.C. § 994(f), which requires that the guidelines "provide[e] certainty and fairness in sentencing

and reduc[e] unwarranted sentence disparities." Nothing could be more unwarranted than differing treatment that is inconsistently and inexplicably applied.[1]

Additional support for the Court's decision can be found in recent actions taken by the Sentencing Commission. The Commission has recently promulgated an amendment that will alleviate this "math problem." The amendment will not go into effect until May 1, 2008, but it is intended to apply retroactively.

In this case, the cocaine powder is acknowledged as having no independent effect on Defendant's sentence because the quantity of cocaine powder is too small to be a factor. Therefore, the Court will apply the amended offense level applicable to 140.39 grams of cocaine base, which is level 30. Given Defendant's Criminal History Category of I, his new guideline range is 97 to 121 months.
IT IS SO ORDERED.

DATE: April 21, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The applicability of 18 U.S.C. § 3553(a) and *United States v. Boooker*, 543 U.S. 220 (2005), is unsettled. If this were a full-fledged sentencing proceeding, there would be no doubt about the Court's discretion to reach the result announced herein. However, this is not a full-fledged sentencing proceeding, but only a sentence correction.

3